UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTORIA CHEATHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CIVIL ACTION NO. |
| MARK TOMASSETTI and SWIFT | ) | |
| TRANSPORTATION COMPANY OF | ) | 3:21-CV-0493-G |
| ARIZONA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Victoria Cheatham ("Cheatham") to remand this case to the state court from which it was previously removed (docket entry 13). For the reasons stated below, the motion is granted.

### I. BACKGROUND

On January 5, 2021, Cheatham commenced this action against the defendants Mark Tomassetti ("Tomassetti") and Swift Transportation Company of Arizona, LLC ("Swift Transportation") in the 101st Judicial District Court of Dallas County, Texas. *See generally* Plaintiff's Original Petition, *attached to* Notice of Removal ("Notice") (docket entry 1), Exhibit A, Defendant Mark Tomassetti's Index of Documents Pursuant to LR 81.1 ("Notice Index"), as Exhibit 1. On February 2, 2021, Cheatham

effected service on both defendants. *See* Return of Service (Tomassetti), *attached to* Notice Index as Exhibit 9; Return of Service (Swift Transportation), *attached to* Notice Index as Exhibit 11.

On February 18, 2021, Tomassetti filed his answer. *See generally* Defendant Mark Tomassetti's Original Answer, *attached to* Notice Index as Exhibit 10. On February 22, 2021, Swift Transportation filed its answer. *See generally* Defendant Swift Transportation Company of Arizona, LLC's Original Answer, *attached to* Notice Index as Exhibit 12.

On March 4, 2021, Tomassetti timely removed the case to this court on the basis of diversity of citizenship. *See generally* Notice. On March 9, 2021, the court ordered Tomassetti to show cause as to why he failed to join Swift Transportation in his removal of this case and why this case should not be remanded to the state court from which it was removed. *See* Order (docket entry 5). Swift Transportation then filed its consent to removal that same day. *See* Written Notice of Consent (docket entry 6).

On March 17, 2021, the defendants responded to the court's show cause order. *See generally* Defendants' Response to Show Cause Order (docket entry 10); see also *id*. at 3 ("Defendants' counsel's omission of Swift Transportation from the removal documents was merely a clerical error and is not the type of defect that warrants remand.").

On April 5, 2021, Cheatham moved to remand this case to the state court from which it was removed, arguing that removal was improper because Swift Transportation failed to timely consent to Tomassetti's removal of this case. *See generally* Plaintiff Victoria Cheatham's Motion to Remand ("Motion") (docket entry 13). The defendants contend that "[d]efendants' counsel's clerical error mistakenly leaving off Swift Transportation of Mark Tomassetti's Notice of Removal does not prohibit Swift Transportation's implied consent to the removal." Defendants' Response to Plaintiff's Motion to Remand (docket entry 14) at 2. The defendants further assert that "Swift Transportation was properly removed on March 4, 2021 when Mark Tomassetti filed his Notice of Removal. A written notice for consent was not needed from Swift Transportation due to the fact that both Swift Transportation and Mark Tomassetti are represented by the same counsel at Mayer LLP." *Id*. at 3. The motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standard

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).

However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns[.]" *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases).

B.  Tomassetti's Removal Is Procedurally Defective

Cheatham contends that Tomassetti's removal is procedurally defective because "Swift Transportation did not timely join in or consent to Mr. Tomassetti's Notice of Removal." Motion at 2. 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

As a general rule, claims filed in state court against multiple defendants cannot be removed to federal court unless all properly served defendants timely consent to the removal. *Farias v. Bexar County Board of Trustees for Mental Health Mental*

*Retardation Services*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991); *see also* 28 U.S.C. § 1446(b)(2)(A). While some exceptions to this unanimous consent rule exist, "those instances where [the Fifth Circuit] has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant." *Ortiz v. Young*, 431 Fed. App'x. 306, 307 (5th Cir. 2011) (per curiam), *cert. denied*, 565 U.S. 1234 (2012).

Contrary to the defendants' assertions, consent to or joinder in removal may not be implied because Tomassetti and Swift Transportation share the same attorney. See *Manzanarez v. Liberty Mutual Fire Insurance Company*, No. 19-11724, 2019 WL 4010926, at *3 (E.D. La. Aug. 26, 2019) (citing cases); see also *Smith v. Union National Life Insurance Company*, 187 F. Supp.2d 635, 646 (S.D. Miss. 2001).

In *Roy v. Pointer*, No. SA-20-CV-00827-XR, 2020 WL 8771384 (W.D. Tex. Aug. 21, 2020), a case also filed against Swift Transportation, the court held as follows.

> Only Swift removed the case by filing the Notice of Removal, and Swift did not provide a written consent from Pointer or indicate Pointer's consent anywhere within the Notice of Removal. . . . Thus, Swift failed to timely provide written consent to removal by Pointer. It does not matter that Swift and Pointer were represented by the same counsel. *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 646 (S.D. Miss. 2001) ("Nor does the joint representation of the removing and non-removing defendants by a single attorney create an implied joinder

> or consent . . . ."). In response to the Motion to Remand, Defendants provided a signed written consent dated August 19, but that consent was untimely. *Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629, at *3 (E.D. La. Sept. 7, 2012) ("[C]ourts applying *Getty Oil* [*Corporation v. Insurance Company of North America,* 841 F.2d 1254 (1988)] have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended."). Remand is required.

*Id.* at *1.

Additionally, though the defendants aver that "[h]ad it not been for a clerical error, Swift Transportation was intended to be joined in Mr. Tomassetti's Notice of Removal[,]" Response at 2, this omission renders the notice of removal procedurally defective. See *Smith*, 187 F. Supp.2d at 644 ("The error here is substantive, not merely mechanical.").

The defendants, as the parties invoking this court's jurisdiction, have the burden to show that removal was proper. *Manguno*, 276 F.3d at 723. They have failed in that burden of proof. Because "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court," *Cross*, 810 F. Supp. at 750, the motion to remand is granted.

### III. CONCLUSION

For the reasons stated above, Cheatham's motion is **GRANTED**. This case is **REMANDED** to the **101st Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Dallas County,

Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**

May 18, 2021.

_____
**A. JOE FISH**
**Senior United States District Judge**